UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| METALLIC RESOURCES, INC., | ) | CASE NO: 5:24-cv-01909 |
| | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| P. KAY METAL, INC., | ) | |
| | ) | (Resolves Docs. 13, 16, 19) |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the *Motion to Dismiss Counts Two and Three of Defendant's Amended Counterclaim* (Doc. 13) (the "Motion") filed by Plaintiff Metallic Resources, Inc. ("MRI"). Defendant P. Kay Metal, Inc. ("PKM") filed the *Defendant P. Kay Metal, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Dismiss Counts Two and Three of Defendant's Amended Counterclaim* (Doc. 16) and MRI filed an additional reply (Doc. 19).

For the reasons stated below, the Motion is GRANTED.

I.    FACTUAL BACKGROUND

MRI and PKM are both corporations that operate in the tin manufacturing industry. MRI filed this action against PKM, one of its customers, following an agreement for tin purchase and shipment gone wrong. According to the *Complaint* (Doc. 2), which alleges breach of contract and alternative claims of promissory estoppel and account stated, MRI and PKM had an agreement where MRI would sell PKM 20,025 pounds of tin for a total price of $286,958.25. Compl. ¶ 37. MRI then loaded the shipment with a carrier arranged for by PKM on the agreed-upon date, but

1

the shipment was never delivered to PKM, and PKM accordingly did not pay MRI. Compl. ¶¶ 41–50.

In its *Amended Answer and Amended Counterclaim* (Doc. 10), PKM asserts counterclaims for breach of contract (Counterclaim One), conversion (Counterclaim Two), and negligent misrepresentation (Counterclaim Three). The counterclaims generally revolve around the same set of facts as the *Complaint* (Doc. 2) and PKM alleges failures of MRI in loading the shipment on the wrong truck, thereby causing the non-delivery or loss of the tin. Am. Answer ¶¶ 82–107.

MRI filed the instant Motion for dismissal for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Counterclaims Two and Three.

## II. LAW AND ANALYSIS

### a. Legal Standard

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. c. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id*. at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

The Court need accept only the complaint's well-pled factual allegations as true. *Nwanguma v. Trump*, 903 F.3d 604, 607 (6th Cir. 2018). "[L]egal conclusion[s] couched as factual allegation[s]," on the other hand, "need not be accepted as true." *Id.* (citing *Twombly*, 550 U.S. at 555). After legal conclusions are disregarded, the complaint must set forth facts that "raise a right to relief above the speculative level." *Id.*

The parties do not dispute that Ohio law governs the issues in this action.

### b. Counterclaim Two – Conversion

In Counterclaim Two, PKM asserts that MRI is liable for conversion because it wrongfully disposed of PKM's property rights by loading the tin shipment onto an unmarked trailer without conducting due diligence to ensure the truck belonged to the company PKM hired. Am. Answer ¶¶ 95–100. However, MRI argues that Counterclaim Two fails as a matter of law because MRI did

3

not owe PKM any duties separate from those that existed under the parties' contract, therefore PKM's tort counterclaim of conversion cannot coexist with its breach of contract counterclaim. Doc. 13 at pp. 6–8.

To succeed on a claim for conversion in Ohio, a plaintiff must demonstrate its "right to possession of the property at the time of conversion, defendant's conversion by a wrongful act, and damages." *Academic Imaging, LLC v. Soterion Corp.*, 352 F. Appx. 59, 67 (6th Cir. 2009) (internal citation and quotation marks omitted). The existence of a contract action "generally excludes the opportunity to present the same case as a tort claim." *Wright v. Bank of Am., N.A.*, 517 F. Appx. 304, 307 (6th Cir. 2013) (internal citation omitted). However, a conversion action under Ohio law can be brought independent of the breach of contract claim if the plaintiff alleges a separate breach of duty, or a wrongful act that is wrongful for reasons other than breach of contract. *Academic Imaging.*, 352 F. Appx. at 67. In other words, a plaintiff pursuing both causes must demonstrate how their claim for conversion is distinct from their claim for breach of contract. *See Goodwin v. Am. Marine Express, Inc.*, No. 1:18-CV-01014, 2021 U.S. Dist. LEXIS 41649, at *85 (N.D. Ohio March 5, 2021) ("the mere breach of a contract…does not constitute conversion").

According to the allegations in PKM's breach of contract claim (Counterclaim One), the parties agreed that PKM would purchase the tin from MRI, and PKM would arrange for a third-party carrier to facilitate shipment. Am. Answer ¶¶ 82–84. Then, MRI allegedly breached the contract by failing to deliver the tin. Am. Answer ¶¶ 88–91. Similarly, in the conversion claim (Counterclaim Two), PKM appears to assert that MRI's "wrongful act" was loading the tin onto a truck, but not the one hired by PKM. Am. Answer ¶ 100. These two allegations seem to be one and the same – MRI allegedly failed to deliver the tin to PKM in the manner set forth by the contract. PKM's conversion counterclaim does not identify any act of MRI that would be wrongful

4

but for the parties' agreement to buy/sell and deliver the tin. Therefore, there is no identifiable substantive distinction between the breach of contract and conversion counterclaims. *See Academic Imaging,* 352 F. Appx. at 67.

Accordingly, the Motion is granted with respect to Counterclaim Two.

### c. Counterclaim Three – Negligent Misrepresentation

In Counterclaim Three, PKM states that MRI did not conduct due diligence when it loaded the tin onto a trailer before verifying the truck belonged to the carrier PKM hired, and MRI did not exercise reasonable care when it communicated to PKM that the carrier had received the tin. Am. Answer ¶ 106. MRI disputes Counterclaim Three and argues that it fails as a matter of law for two reasons: (i) MRI is not in the business of providing professional advice, and (ii) PKM did not allege that it justifiably relied on false information supplied by MRI. Doc. 13 at pp. 9–13.

In Ohio, the elements of negligent misrepresentation are stated as "one who, in the course of [their] business, profession or employment, or in any other transaction in which [they have] a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if [they] fail to exercise reasonable care or competence in obtaining or communicating the information." *Delman v. City of Cleveland Heights*, 534 N.E. 2d 835, 838 (Ohio 1989) (internal citation and quotation marks omitted). The claim requires "a special relationship under which the defendant supplied information to the plaintiff for the latter's guidance in its business transaction." *Doe v. SexSearch.com*, 551 F.3d 412, 418 (6th Cir. 2008) (internal citation and quotation marks omitted). This special relationship generally does not arise out of an ordinary contractual relationship, but rather where one party is in the business of providing advice, like professionals such as attorneys and accountants. *See Premier Bus. Group,*

5

*LLC v. Red Bull of N. Am., Inc.*, No. 08-CV-01453, 2009 U.S. Dist. LEXIS 91647, at *31 (N.D. Ohio Sep. 30, 2009).

PKM urges the Court to recognize a split in Ohio case law by claiming that one court in the Southern District of Ohio has held that a claim for negligent misrepresentation can exist in the context of an ordinary business transaction if the claimant is a member of a limited class of people who rely on representations. Doc. 16 at pp. 6–7. PKM cites to *Poorman v. Servbank*, No. 2:23-cv-3945, 2025 U.S. Dist. LEXIS 24459 (S.D. Ohio Feb. 11, 2025), a case that dealt with a loan modification dispute where Judge Sargus ultimately opined that "ordinary business transactions" may not be excluded from the realm of negligent misrepresentation, specifically as applied to the facts before him, where the Poormans (borrowers) requested information from Servbank (their loan servicer) and received both insufficient and false responses that affected their pursuit of a loan modification agreement. *Id.* at *8–11. However, the interpretation of the law in the *Poorman* case is not compelling as it applies to the facts of the instant matter, where MRI and PKM were engaged in nothing more than a basic buyer/seller relationship and MRI is not in the business of providing advice to guide decisions of its customers. Both parties here are well-versed in the tin manufacturing business and their circumstances do not give rise to the "special relationship" contemplated by Ohio law. *See Premier Bus. Group,* 2009 U.S. Dist. LEXIS, at *31.

Further, even if the Court could find a special relationship existed between the parties, Counterclaim Three would fail because PKM did not plead all necessary elements of a negligent misrepresentation claim – it did not allege the receipt of false information from MRI. The only false information noted is the allegation that King of Freight, the freight broker [and now third-party defendant], falsely indicated that Semana Legacy Trucking was responsible for the tin shipment. Am. Answer. ¶ 105.

As such, the Motion is granted with respect to Counterclaim Three.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Metallic Resources, Inc.'s *Motion to Dismiss Counts Two and Three of Defendant's Amended Counterclaim* (Doc. 13) is GRANTED. Counterclaims Two and Three are DISMISSED.

IT IS SO ORDERED.

May 5, 2025                                         */s/ John R. Adams*
Date                                              JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE